UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN FIELDS, )
)
    Petitioner, )
)
vs. ) Case No. 4:04CV1584 JCH
)
CHUCK DWYER, )
)
    Respondent. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Kevin Fields' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On July 23, 2003, a jury in the Circuit Court of St. Louis City, Missouri, convicted Petitioner of one count of first degree robbery and one count of armed criminal action. Petitioner was sentenced to ten years imprisonment on the robbery charge, and five years imprisonment on the armed criminal action charge, said sentences to run consecutively. On August 17, 2004, the Missouri Court of Appeals affirmed Petitioner's convictions. State v. Fields, 145 S.W.3d 849 (Mo. App. 2004). Petitioner did not file a motion for post-conviction relief.

Petitioner is currently incarcerated at the Southeastern Correctional Center in Charleston, Missouri. In his petition for writ of habeas corpus, Petitioner raises one ground for relief: that his convictions were unconstitutional, as they were based on inconsistent jury findings. (§ 2254 Petition, P. 5). In response, Respondent contends Petitioner's claim is procedurally barred, and further fails on the merits.

**DISCUSSION**

As stated above, in his § 2254 petition, Petitioner alleges that his convictions were unconstitutional, as they were based on inconsistent jury findings. (§ 2254 Petition, P. 5). Petitioner raised this claim on direct appeal, and the Missouri Court of Appeals denied the claim as follows:

> In his first point on appeal, [Petitioner] claims that the trial court erred in accepting the indictment allegations and instructions number[s] five and six because they resulted in a conviction of more than one offense based upon inconsistent findings of facts. [Petitioner] concedes that he did not object to either the indictment or to instructions five and six, and therefore, requests that we review the issue for plain error.
>
> Pursuant to Missouri Supreme Court Rule 30.20, we may, in our discretion, review an issue for plain error. "In determining whether to exercise our discretion to review for plain error, we look to determine whether on the face of the claim substantial grounds exist for believing that the trial court committed a 'plain' error, which resulted in manifest injustice or a miscarriage of justice." State v. Wolf, 91 S.W.3d 636, 642 (Mo. App. 2002). We do not believe such a manifest injustice or miscarriage of justice occurred in the present case.
>
> Instruction number five required the jury to find, in part, that "in the course of taking the property, the [Petitioner] displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument," in order to find [Petitioner] guilty of first degree robbery. Instruction number six required the jury to find that [Petitioner] committed the offense of robbery "with the assistance or aid of a deadly weapon," to find [Petitioner] guilty of armed criminal action. [Petitioner] claims that pursuant to section 556.041, the court plainly erred in accepting the jury's verdict based on the language in the instructions because [Petitioner] was convicted of more than one offense based on inconsistent findings of fact. We disagree.
>
> Section 556.041 provides that a defendant may be prosecuted for more than one offense based upon the same conduct; however, the defendant may not be convicted of more than one offense if inconsistent findings of fact are required to establish the commission of the offenses. Here, as the State correctly notes, [Petitioner's] convictions for robbery and armed criminal action are not based upon inconsistent findings of fact. Morris testified that [Petitioner] held a gun to his face during the robbery. Thus, a jury could reasonably find that [Petitioner] displayed what appeared to be a deadly weapon, and what in fact was a deadly weapon, in the commission of the robbery, and therefore, convict [Petitioner] of both robbery and armed criminal action. Thus, no manifest injustice or miscarriage of justice resulted from the jury's verdict, and the trial court's subsequent judgment and sentencing thereupon. Point denied.

(Respondent's Exh. E, PP. 3-4).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Upon review, this Court finds the Missouri court's affirmance of Petitioner's convictions did not result in a decision contrary to federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. The determination thus is entitled to deference pursuant to 28 U.S.C. § 2254(d).[1]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 2) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[1] The Court's de novo review of the record further reveals that Petitioner's convictions for first degree robbery and armed criminal action were not based upon inconsistent findings of fact.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>8th</u> day of March, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE